

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable W. K. McClain
District Attorney
Georgetown, Texas

Dear Sir:

Opinion No. O-6855
Re: Authority of a city marshal
to serve a capias pro fine
in a case in the justice
court which was filed by him

Your letter requesting an opinion on the above subject matter is as follows:

"A few days ago, H. A. Hodges, County Auditor, of Williamson County wrote you a letter asking for an opinion. In answer to that letter your Assistant Mr. W. C. Cason, on September 21st, 1945, answered the same by sending him a number of opinions which your department had rendered. None of these opinions would answer directly the question asked in his first paragraph, or first question that he asked. That question that he asked was:

"'Does a City Marshal have legal authority to serve a Capias Pro Fine in a case in the Justice Court which was filed by him.'

"The defendant was not present when the case was tried, and defendant consented that it be tried in his absence. Therefore Art. 788 of the Code of Criminal Procedure it seems would control. That article is as follows:

"'When a pecuniary fine has been adjudged against a defendant not present, a capias shall forthwith be issued for his arrest. THE SHERIFF SHALL execute the same by placing the defendant in jail.'

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable W. K. McClain, page 2

"Our statute directs that the Sheriff shall
execute the same; and not some other peace officer
or city marshal. I therefore doubt if we can read
into the statute the word constable or 'other peace
Officer' as contended by Mr. Hodges. Please advise
us on the above question, and I will appreciate the
same."

Article 441, V. A. C. C. P., defines a capias as "a writ
issued by the court or clerk, and directed 'To any Sheriff of
the State of Texas' commanding him to arrest a person accused
of an offense and bring him before that court forthwith, or on
a day or at a term stated in the writ."

Article 453, V. A. C. C. P., states that a capias may be
executed by any constable or other peace officer. Article 36,
V. A. C. C. P., states that city marshals are peace officers.

Article 918, V. A. C. C. P., which is found in Title 11
concerning procedure in the justice and corporation courts,
states, "If the defendant be not in custody when judgment is
rendered, or if he escapes from custody, thereafter, a capias
shall issue for his arrest and confinement in jail until he
is legally discharged."

In the case of Ex parte Fernandez, 57 S. W. (2d) 578,
the Court of Criminal Appeals held that Article 920, C. C. P.,
applied to a case of conviction in the justice court rather
than Article 793, V. A. C. C. P., for the reason that Article
920 had reference to judgments of conviction in criminal ac-
tions before a justice of the peace while Article 793 had
reference to judgments of conviction in criminal actions in
courts of higher jurisdiction. The court used the following
language, on page 579:

"The chapter in which article 920, supra,
appears is one having reference to a judgment
of conviction in a criminal action before a
justice of the peace. From what has been said
it is apparent that the statutory enactments
make a distinction on the subject in hand with
reference to the conviction of a misdemeanor
before the justice of the peace and the con-
viction of a misdemeanor in courts of higher
jurisdiction. . ."

Honorable W. K. McClain,    page 3

Following the reasoning of the above quoted case, it is our opinion that Article 918, supra, would apply to a capias issued by the justice court rather than Article 788, V.A.C.C.P.

A capias pro fine has been defined as a writ running in behalf and for the benefit of a governmental agency, "for collection of fine and means literally, you take for the fine." See Words and Phrases, Vol. 6, page 60.  Therefore, a capias pro fine is in reality a special type of warrant of arrest.

One of the requisites for a warrant issued by the justice of the peace as set out by Article 885, V. A. C. C. P., is that, "It shall be directed to the proper sheriff, constable or some other person named therein."  Therefore, it is our opinion that the justice of the peace may, if he desires to do so, issue the capias pro fine in the name of "The State of Texas", and direct it to the city marshal.

If the justice of the peace directs the capias to the city marshal, such city marshall would be authorized to serve it. However, the justice of the peace is not required to direct the capias to the city marshal if he does not see fit to do so, but he may direct the capias to "the proper sheriff, constable or some other person named therein" as provided by Article 885, supra.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By      J. C. Davis, Jr.
        J. C. Davis, Jr.
        Assistant

        John Reeves

APPROVED OCT 23 1945

ATTORNEY GENERAL OF TEXAS

JR:ddt:LJ

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN